**GOHN, HANKEY & STICHEL, LLP**

*201 North Charles Street*
*Suite 2101*
*Baltimore, Maryland 21201*
*410-752-9300*
*Fax 410-752-2519*

*H. Mark Stichel*
Direct Dial: 410-752-1658
HMStichel@ghsllp.com

December 9, 2004

**VIA ECF SYSTEM**
The Honorable Andre M. Davis
United States District Judge
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

   Re: Fidelity and Guaranty Life Insurance Co. v. Hepler, et al.
     <u>Civil Action No. AMD-00-CV-2549</u>

Dear Judge Davis:

  I represent United States Fidelity and Guaranty Company ("USF&G"), one of the interpleader defendants in the above-referenced case. I am writing to provide you with a status report on case.

  This is a matter in which there are (or were) three groups of potential claimants to the structured settlement payments and annuity that are the subject of the present case: (1) Terry W. Hepler; (2) Peachtree Finance Co., LLC ("Peachtree"); and (3) Jack and Betty Weber. Two actions in other venues have had or may have an impact on the final resolution of the present case: (1) the Chapter 7 proceedings, now concluded, that Mr. Hepler filed in the United States Bankruptcy Court for the Eastern District of Michigan, Petition No. 02-23763; and, (2) a class action involving Peachtree in which Mr. Hepler was a class member and did not opt out, *Commonwealth General Assignment Corp. v. Settlement Funding, LLC*, United States District Court for the Western District of Kentucky, No. 3:00-CV-565R.

  Since the present case was reopened in this Court, subsequent to the conclusion of the Chapter 7 proceedings, neither Mr. Hepler not the Webers have taken any action in the case. I have had several communications with Ms. Strickland, counsel for Peachtree. It is Peachtree's intention to file a motion for summary judgment vis-à-vis the potential claims of Mr. Hepler and the Webers on or before January 10, 2005. Peachtree contends that the class-action proceeding resolves all claims with regard to Mr. Hepler, and that Mr. Hepler's bankruptcy may resolve all claims with regard to the Webers. In the event that Mr. Hepler and/or the Webers oppose the summary judgment motion and choose to participate in this case, Peachtree requests an extension of the discovery deadline.

  Should the Court rule that payments should be made to a party other than the original structured settlement payee, Mr. Hepler, USF&G would seek to enter into a consent judgment with that party that would release USF&G from any liability to Mr. Hepler and indemnify USF&G from any future claims by Mr. Helper with respect to any payments made to that party.

      Elyse Strickland, who represents Peachtree, and Stephen Kaufman, who represents F&G Life, have reviewed a draft of this letter and authorize me to submit it as a joint status report.

                              Sincerely,

                                  /s/

                            H. Mark Stichel

cc:    Elyse L. Strickland, Esquire (via ECF)
       Stephen H. Kaufman, Esquire (via ECF)
       Terry W. Hepler (via US Mail)
       Jack Weber (via US Mail)
       Betty Weber (via US Mail)