**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **FIDELITY AND GUARANTY LIFE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil No. AMD 00-2549 |
| | : | |
| **TERRY W. HEPLER**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MOTION FOR SUMMARY JUDGMENT**

COME NOW the Defendants/Cross-Claimants, Settlement Funding, LLC d/b/a Peachtree Settlement Funding and Peachtree Finance Company, LLC (collectively referred to herein as "Peachtree"), by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure request that the Court enter summary judgment in favor of Peachtree and against the Cross-Defendants Terry W. Hepler, Jack Weber, Betty Weber and United States Fidelity & Guaranty Company, as there is no dispute of any material fact and Peachtree is entitled to judgment as a matter of law. In support of their Motion, Peachtree refers the Court to the Memorandum of Points and Authorities and Affidavit attached hereto and incorporated herein by reference.

Respectfully submitted,

_____/s/_____
Elyse L. Strickland, Esquire
Selzer Gurvitch Rabin & Obecny, Chtd.
4416 East West Highway, Fourth Floor
Bethesda, MD  20814-4568
Telephone:  (301) 986-9600
Counsel for Peachtree Settlement Funding
and Peachtree Finance Company, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FIDELITY AND GUARANTY LIFE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | Civil No. AMD 00-2549 |
| | : | |
| **TERRY W. HEPLER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Upon information and belief, the Cross-Defendant, Terry W. Hepler ("Hepler") was injured in an automobile accident in February 1990. In order to resolve Hepler's personal injury claim, Cross-Defendant United States Fidelity & Guaranty Company ("USF&G") entered into a Release Agreement pursuant to which Hepler settled, released and extinguished his then existing personal injury claim in exchange for the following payments: $315.00 paid monthly beginning on August 1, 1997 (the "Periodic Payments"). A true copy of the Settlement Agreement is attached to Plaintiff's, Fidelity & Guaranty Life Insurance Company (F&G Life) Complaint as Exhibit A.

Cross-Defendant "USF&G", the Liability Insurer purchased an annuity contract (policy number I667543) from F&G Life (the "Annuity Issuer") in order to fund its obligation to make the Periodic Payments to Hepler. A true and correct copy of the annuity contract is attached to F&G Life's Complaint as Exhibit B.

On or about May 27, 1999, Hepler as borrower, and WebBank, a Utah industrial loan corporation, as lender, entered into a loan agreement pursuant to which WebBank made a loan to Hepler (the "Loan Agreement"). Relevant portions of the Loan Agreement are attached hereto as Exhibit "1".

In accordance with the Loan Agreement, Hepler executed a Secured Promissory Note pursuant to which he promised to pay to the order of WebBank, its successors and assigns, the principal sum of $16,062.30, plus interest (the "Note"). The principal amount and interest accruing thereon were payable as follows: 85 monthly payments of $315.00, commencing July 1, 1999 through and including July 1, 2006 (the "Loan Payments"). A true and correct copy of the Note is attached hereto as Exhibit "2".

In accordance with the Loan Agreement, Hepler also executed a Security Agreement pursuant to which he granted WebBank, its successors and assigns, a security interest in the collateral described therein (the "Collateral"), including but not limited to the Periodic Payments ("the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Exhibit "3".

Hepler also executed one or more UCC-1 financing statements in connection with the Loan Agreement and Security Agreement. The UCC-1 financing statement(s) have been properly filed, thereby perfecting Peachtree's security interest in the Collateral.

WebBank assigned its right, title and interest under the Loan Agreement to Peachtree Settlement Funding. Peachtree Settlement Funding assigned all of its right, title and interest under the Loan Agreement to Peachtree Finance Company, LLC. Peachtree Finance Company, LLC has contracted with Peachtree Settlement Funding to service the Loan and collect all Collateral relating thereto.

Hepler has defaulted under the terms of the Loan Agreement by failing and refusing to make the payments due on and after July 1, 2000, notwithstanding Peachtree's demand for the same.

As a consequence of Hepler's default under the Loan Agreement, Peachtree sent Notices of Assignment and Demand for Payments (the "Notices") to USF&G and F&G Life advising each of Peachtree Finance Company, LLC's security interest in the Periodic Payments. In the Notices, Peachtree provided USF&G and F&G Life the details of Peachtree Finance Company, LLC's security interest and demanded that all Periodic Payments due after the date of its Notices be paid to Peachtree. True and correct copies of the Notices are attached hereto as Exhibit "4".

During the pendency of this case, Hepler filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan. A Final Decree was entered by the Bankruptcy Court in September 2003, and the stay previously entered in this case was lifted.

Also during the pendency of this case, Peachtree was named as a Defendant in a class action lawsuit filed in the United States District Court for the Western District of Kentucky, captioned *Commonwealth General Assignment Corp., et al. v. Settlement Funding, LLC, et. al.*, No. 3:00CV-565-R (the "Class Action Lawsuit"). The Class Action Lawsuit was resolved and an order was entered on or about November 18, 2004. A copy of the Order is attached hereto as Exhibit "5". Hepler is a member of the class and, therefore, is bound by the terms of the settlement and Order.

**II.     ARGUMENT**

    **A.     Standard for Summary Judgment**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court may enter summary judgment when there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *7-Eleven, Inc. v. McEvoy*, 300 F. Supp. 2d 352, 354 (D. Md. 2004). In the instant matter, there is not dispute of any material fact. Moreover, even viewing the allegations and all reasonable inferences that can be drawn there from in a light more favorable to the non-moving parties, Cross-Plaintiffs are entitled to a judgment as a matter of law *Id*.

    **B.     There is no Dispute of Material Fact and Peachtree is entitled to Judgment as a Matter of Law**

Hepler has not appeared in this case and, therefore has not raised a dispute of any material fact. Jack Weber and Betty Weber initially appeared in this case in or about November of 2000, but have not participated in this litigation since that time. Neither did the Webbers assert a claim or participate in the Bankruptcy litigation identified above. Neither has the Cross-Defendant USF&G asserted any dispute as to any material fact.

As a member of the class in the Class Action Lawsuit, Hepler is bound by the terms of the settlement and related Order. Accordingly, Peachtree is entitled to judgment in this action in accordance with the terms of the settlement and Order entered in the Class Action Lawsuit.

WHEREFORE, for the foregoing reasons, Peachtree requests that this Court grant its Motion for Summary Judgment against all Cross-Defendant in this matter, and enter an order consistent with the terms of the settlement and Order in the Class Action Lawsuit, which proposed order will be negotiated and presented by Peachtree and

USF&G in the event the Court grants Peachtree's Motion for Summary Judgment. Peachtree further requests such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        _____/s/_____
        Elyse L. Strickland, Esquire
        Greg R. Saber, Esquire
        Selzer Gurvitch Rabin & Obecny, Chtd.
        4416 East West Highway, Fourth Floor
        Bethesda, MD 20814-4568
        Telephone: (301) 986-9600
        Counsel for Peachtree Settlement Funding
        and Peachtree Finance Company, LLC