**Exhibit "B"**
**SECURED PROMISSORY NOTE**

Loan Amount:   $16,062.30
Date:          5/27/99

Borrower promises to pay to the order of WebBank Corporation ("Lender") the principal sum of $$16,062.30, plus interest. The principal amount and interest accruing thereon shall be payable as follows:

**85 monthly payments of $315.00 commencing on July 1, 1999 through & including July 1, 2006.**

This Note is secured by Borrower's right to receive the Collateral as outlined in that certain Loan Agreement dated the date hereof (the "Loan Agreement") between Lender and Borrower. Terms not otherwise defined herein shall have the meanings assigned to such terms in the Loan Agreement.

All references to Lender shall be deemed to include Lender's Assignee, their successors or assigns. All references to Borrower shall be deemed to include his estate, successors, assigns, heirs, executors, administrators and representatives.

All payments shall be made to Lender or as otherwise directed by Lender.

Borrower may prepay the Loan in whole or in part without premium or penalty, except as set forth in Section 20 of the Loan Agreement.

In the event this Note is placed in the hands of an attorney for collection after maturity or upon default or in the event that arbitration proceedings or proceedings at law, in equity, bankruptcy or other legal proceedings are instituted in connection herewith, or in the event this Note is placed in the hands of an attorney to protect, defend or enforce the rights of the Lender hereof, Borrower hereby agrees to pay to Lender all of Lender's costs of collecting this Note or protecting, defending or enforcing such rights, including, without limitation, court costs and reasonable attorneys' fees, in any court, tribunal or forum, in addition to all principal, interest and other amounts payable hereunder.

Borrower hereby waives demand, presentment for payment, diligence in collection, notice of nonpayment and protest and hereby waives notice of any consent to any and all extensions and renewals of this Note or any part hereof, or the release of all or any part of the security for the payment hereof or release of any party liable for payment of this obligation, from time-to-time without notice, and waives the exhaustion of legal remedies hereon.

This Note is intended to be governed by and construed in accordance with the laws of the State of Utah. If any provision of this Note is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Note shall remain in full force and effect and shall be liberally construed in favor of Lender in order to give full effect to the provisions of this Note.

Upon the happening of the following events, each of which shall constitute an "Event of Default," at Lenders option, the entire unpaid principal plus all accrued and unpaid interest, together with all other applicable fees, costs and charges shall become immediately due and payable and Lender shall be entitled to immediately enforce its rights under the Security Agreement (as amended or otherwise modified from time to time, the "Security Agreement") between Borrower and Lender:

(a) The failure to pay or perform any obligation, liability or indebtedness of Borrower to Lender, under this Note, the Loan Agreement, the Related Documents or any other documents or instruments now or hereafter existing between the Borrower and Lender as and when due (whether upon demand, at maturity or otherwise, no prior demand therefore by Lender being necessary);

(b) The insolvency of Borrower, the appointment of a custodian, trustee, liquidation or receiver for Borrower or for any of the property of Borrower, an assignment for the benefit of creditors or the filing of a petition under bankruptcy, insolvency or debtor's relief law by or against Borrower;

(c) Any attachment, lien, levy, additional encumbrance or additional security interest being placed upon any of the property which is security for this Note and which is not discharged in full within five (5) days of the placement thereof;

(d) Any representation or warranty made in any of the Related Documents by Borrower to Lender is, or was, untrue and materially misleading;

(e) Any default under the Security Agreement;

(f) Entry of judgment against Borrower which would or could have the effect of taking priority over this Note or the Collateral;

(g) Any failure to perform any obligation as set forth in the Loan Agreement, Security Agreement or the Related Documents; or

(h) Any breach of any covenant or representation under the Loan Agreement, Security Agreement or the Related Documents.

Borrower hereby appoints Borrower's Agent as agent for service of process for any action, suit or proceeding arising out of, relating to, or in connection with the enforcement of this Note or the Security Agreement, Loan Agreement and other Related Documents executed in connection herewith.

An Event of Default hereunder shall be deemed a default of all documents and instruments between Borrower and Lender, and a default of the performance of any provision of the Loan Agreement, the Related Documents, or any other documents or instruments between Borrower and Lender, other than this Note, shall be deemed a default of this Note.

Lender shall not by any act of omission or commission be deemed to waive any of its rights or remedies hereunder unless such waiver shall be in writing and signed by Lender and then only to the extent specifically set forth therein; any one waiver shall not be construed as a continuing waiver of such right or remedy, or of any other right or remedy on a subsequent event.

This Note may not be changed orally.

IN WITNESS WHEREOF, Borrower has executed this Note on and as of the date set forth above.

**Borrower:**

_/s/ Terry Hepler_
Terry Hepler

**and**

_/s/ Kimberly M. Hepler_
Kimberly M Hepler

STATE OF Michigan
COUNTY OF Montmorency
SS: 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

On May 31, 1999 before me, personally appeared the above signed individuals known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_/s/ Judy M Sharp_
Notary
Expiration 10-29-2003

2