IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FIDELITY AND GUARANTY LIFE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | Civil No. AMD 00-2549 |
| | : | |
| **TERRY W. HEPLER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## CONSENT JUDGMENT

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F & G Life") pursuant to 28 U.S.C. §§ 1335, 1397 and 2361, to determine the respective rights of Terry W. Hepler a/k/a Terry Hepler, Jr. ("Hepler"), Settlement Funding, LLC d/b/a Peachtree Settlement Funding and Peachtree Finance Company, LLC (collectively "Peachtree"), and United States Fidelity and Guaranty Company ("USF & G") (Hepler, Peachtree and USF&G being hereinafter collectively referred to as the "Interpleader Defendants") to receive payments funded under F & G Life Annuity Policy No. I1667543 (the "Annuity").

Terry W. Hepler is party to a release agreement entered into on or about July 1997 (the "Settlement Agreement") to resolve personal injury claims made against certain USF & G insureds. Under the Settlement Agreement, Hepler is entitled to receive certain continuing monthly payments and scheduled lump sum payments (collectively the "Periodic Payments") funded by an F & G Life annuity contract no. I 1667543 (the "Annuity Contract"), owned by USF &G.

On or about May 27, 1999, WebBank made a loan to Hepler, evidenced by that certain Loan Agreement, Secured Promissory Note, Security Agreement and other collateral documents (the "Loan

Documents"), pursuant to which Hepler granted WebBank a security interest in, and collaterally assigned to WebBank, along with other collateral, certain of the Periodic Payments, to-wit, 120 monthly payments of $315.00 commencing on August 1, 1997, through and including July 1, 2007. Hepler subsequently defaulted under the terms of the Loan Documents by failing to make the payments due on July 1, 2000 through November 1, 2000 and has failed to make any subsequent payments due under the Loan Agreement.

F & G Life subsequently filed the present interpleader action to determine the rights of the parties with respect to the Periodic Payments. By Order dated May 4, 1999, the Court dismissed F & G Life from the case but provided that F & G Life could seek its attorneys' fees and costs and ordered the Interpleader Defendants to plead and pursue their claims among themselves in connection with their respective rights and claims to the Periodic Payments. Since the entry of the Court's May 4, 1999 Order, F & G Life has made all payments due under the Annuity Contracts into the Registry of the Court.

All Interpleader Defendants have been served with process. Hepler has failed to plead or otherwise to assert claims to the Periodic Payments but he has become a "Settlement Class Member" as defined in the Amended & Restated Settlement Agreement & Release (the "Class Settlement Agreement") approved in Commonwealth General Assignment Corporation et al v. Settlement Funding, LLC, et al., United States District Court for the Western District of Kentucky, Louisville Division, Civil Action No. 3:00CV-565-R, by Order issued November 18, 2004 (the "Class Settlement Order") A true and correct copy of the Class Settlement Order is attached hereto and incorporated herein by reference as if fully set forth herein.

Under the Class Settlement Order, Hepler, as a Settlement Class Member, is bound by the Class Settlement Agreement, which has determined Hepler's and Peachtree's respective rights in and to the Periodic Payments. Under an Agreement of Consent entered into by Peachtree and USF & G and

approved by Settlement Class Counsel (as defined in the Class Settlement Agreement), as supplemented by a letter agreement dated March 30, 2005 (as thus supplemented, the "USF & G Consent"), USF & G has consented to the Class Settlement Agreement (and has become a "Consenting Obligor" as defined in the Class Settlement Agreement), and F & G Life has become entitled to receive the protections afforded "Associated Annuity Issuers" under the Class Settlement Agreement and the USF & G Consent.

Jack Weber and Betty Weber asserted an interest in the Periodic Payments at issue herein as well. Their interest was determined in that certain Order issued by this Court granting Peachtree's Motion for Summary Judgment dated January 31, 2005.

Upon the Joint Motion of USF & G and Peachtree, it is this 16th day of June 2005, by the United States District Court for the District of Maryland, ORDERED:

1. That except as otherwise expressly provided in this Consent Order, the Periodic Payments, including both future payments and payments deposited by F & G Life into the Registry of the Court, shall be disposed of in accordance with the Class Settlement Agreement and the USF & G Consent.

2. That pursuant to the Court's Order under 28 U.S.C. §§ 1651 and 2361 Hepler and anyone claiming any interest derived in any way from Hepler are permanently enjoined from continuing or ever bringing any action or claim against USF & G, F & G Life and/or Peachtree based on the Settlement Agreement or the Annuity Contracts or based on the Loan Agreement dated May 27, 1999 between Hepler and WebBank (later assigned to Peachtree) or any agreements related thereto (collectively the "Loan Agreements"), excepting, however, any claims to enforce the Class Settlement Agreement.

3. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry Fee.

4. That F & G Life's attorneys' fees and expenses in the amount of $2,641 shall be paid from the remaining monies in the Registry of the Court.

5. That pursuant to the Class Settlement Order and the USF & G Consent, all remaining monies in the Registry of the Court shall be paid to Peachtree at the following address: Settlement Funding, LLC, Attention: Craig Lessner, 3720 DaVinci Court, Suite 450, Norcross, GA 30092.

6. That for purposes of the Class Settlement Agreement and the USF & G Consent, the remaining monies paid to Peachtree from the Registry of the Court shall be treated as "Missed Payments" withheld from Hepler. Accordingly, following its receipt of such monies, Peachtree shall immediately apply such monies to Hepler's obligations under the Class Settlement Agreement, recalculate the "Default Cure Amount" (as defined in the Class Settlement Agreement) for Hepler, and issue to USF & G, with a copy to Settlement Class Counsel, an amended spreadsheet identifying the future payments under the Annuity Contracts that are to be remitted to Peachtree. Following its receipt of such amended spreadsheet, USF & G shall (except as otherwise provided in the USF & G Consent) direct F & G Life to send the identified payments to Peachtree.

7. That Peachtree shall indemnify, defend and hold harmless USF & G and F & G Life from any claim made or action brought by Hepler or any other person (i) for any payments that were due Peachtree under the Loan Agreements payable from the Annuity or the Settlement Agreement up to the date of the Class Settlement Order; (ii) on account of any Periodic Payments that were made to Peachtree or the Court up to this date; or (iii) on account of any Periodic Payments that are made to Peachtree pursuant to the Class Settlement Agreement or this Consent Judgment. Peachtree's indemnification shall include all actual attorneys' fees, costs and expenses incurred by USF & G and F & G Life, as a consequence of any such claim or action.

8. That USF & G and F & G Life are released from any liability to Peachtree on account of any Periodic Payments that USF & G or F & Life may have made to any person or entity prior to the date of the Class Settlement Order.

9. That USF & G and F & G Life are released from any liability to Hepler and/or anyone claiming any interest derived in any way from Hepler on account of Periodic Payments that USF & G or F & G Life may have made to any person or entity prior to the date of the Class Settlement Order.

10. That neither the injunction, indemnification and release provisions of paragraphs 2 and 7-9 nor any other provision of this Consent Order shall be deemed to limit or otherwise to modify any of the provisions of the Class Settlement Agreement, the Class Settlement Order or the USF & G Consent.

11. That Peachtree shall dismiss any proceedings currently pending against USF & G and/or F & G Life relating to the Periodic Payments.

12. That this Court shall retain jurisdiction over this matter to enforce this Consent Judgment.

/s/Andre M. Davis
United States District Judge

SEEN AND AGREED:

Settlement Funding, LLC d/b/a Peachtree Settlement Funding and
Peachtree Finance Company, LLC

/s/
By: Elyse L. Strickland, Esquire

United States Fidelity and Guaranty Company

/s/
By: H. March Stichel, Esquire